# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD BABASA CUNANAN, ) | CV F 03 6077 SMS HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| ) | [Doc. #1] |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT FOR |
| RAYMOND D. ANDREWS, ) | RESPONDENT AND TERMINATE THIS |
| ) | ACTION |
| Respondent. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated October 9, 2003, this case was assigned to the undersigned for all purposes, including entry of final judgment.

### PROCEDURAL HISTORY[1]

Petitioner is currently in the custody of the Bureau of Prisons pursuant to a judgment of the United States District Court for the Northern District of California, following judgment entered on

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's response to the petition, Respondent's exhibits, and Petitioner's traverse.

1  May 26, 2000, following his convictions of theft of firearms shipped in interstate commerce (18
2  U.S.C. § 922(u), and possession of an unregistered firearm (26 U.S.C. § 5861(d)). See Exhibit A,
3  Respondent's Request for Judicial Notice in Support of Respondent's Supplemental Response to
4  Plaintiff's Petition for Writ of Habeas Corpus (hereinafter "Supplemental Response"). Petitioner
5  was sentenced to serve a total of fifty (50) months in federal prison. Id.

6  On August 11, 2003, Petitioner filed the instant federal petition for writ of habeas corpus in
7  this Court. The petition challenges the method in which the Bureau of Prisons has calculated
8  Petitioner's federal sentence. Specifically, Petitioner complains that his federal sentence was not
9  properly credited with the time he spent in state prison, and he complains that his federal sentence
10 was to run concurrently, not consecutively, with the state sentence.

11 On October 28, 2003, Respondent filed a response to the petition for writ of habeas corpus.
12 Respondent concedes Petitioner has exhausted his administrative appeals.

13 On November 4, 2003, Petitioner filed a traverse to Respondent's response.

14 **DISCUSSION**

15 **I. Standard of Review**

16 Writ of habeas corpus relief extends to a person in custody under the authority of the United
17 States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or
18 constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28
19 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's
20 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi
21 v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30
22 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United
23 States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in
24 federal custody must show that his sentence is being executed in an illegal, but not necessarily
25 unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995)
26 (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d
27 at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d
28 at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for

time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is currently in custody of the U.S. Bureau of Prisons at Taft Correctional Institution located in Taft, California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

**II. Review of Claims**

A. Ground One

In his first ground for relief, Petitioner contends the Bureau of Prisons improperly calculated his sentence by failing to give credit against his federal sentence for the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum while awaiting sentencing on federal charges. Petitioner was serving time in state prison on a state conviction for burglary when he was "borrowed" from the State of California from November 18, 1999, through June 12, 2000, via the writ of habeas corpus as prosequendum. Petitioner did not receive credit against his federal sentence for those seven months. On March 18, 2002, Petitioner was paroled from state custody and received by the U.S. Marshal. Petitioner has been incarcerated by the Bureau of Prisons since March 18, 2002.

The authority to compute a federal prisoner's sentence is delegated to the Attorney General who exercises it through the Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir.1998), *cert. denied*, 525 U.S. 1091 (1999); 18 U.S.C. § 3621(a).

18 U.S.C. § 3585 provides:

> (a) Commencement of sentence. - A sentence to a term if imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term if imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

(Emphasis added.)

This Court concludes that the BOP's computation of Petitioner's federal sentence is proper. Petitioner is not entitled to any credit against his federal sentence for time spent in state custody prior to the date his federal sentence was imposed, because the time Petitioner spent while borrowed from the State's custody via the writ of habeas corpus ad prosequendum was credited against his state sentence. Under § 3585(b), Petitioner may not receive double credit. Accordingly, the BOP's computation of Petitioner's federal sentence was proper, and Petitioner's claim must be denied.

Nevertheless, Petitioner contends the time spent while "on loan" from the State of California should be construed as custody for purposes of computing his federal sentence. Petitioner cites to Brown v. Perrill, 28 F.3d 1073 (10th Cir.1994), the Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual-CCCA, and U.S. Sentencing Guidelines Manual § 5G1.3(b) for this proposition.

In Brown v. Perrill, the Court of Appeals found that a petitioner's federal custody pursuant to a writ of habeas corpus ad prosequendum for a duration of over two years transmuted into federal custody. 28 F.3d at 1075. The Tenth Circuit was "unwilling to infer that a federal detention and control pursuant to a writ of habeas corpus ad prosequendum may last for such an extended period . . . . absent a clear directive from the state authorities ." Id. In this case, Petitioner was under federal control and detention for less than seven (7) months. This Court does not find such a period of time so extended as to transmute into federal custody.

The BOP Program Statement 5880.28 provides that time spent under a writ of habeas corpus ad prosequendum constitutes secondary custody and is not to be considered for crediting presentence time. Here, Petitioner was "on loan" from the State and then returned to the State once sentenced. Petitioner received credit against his state sentence for this period of time. He may not receive double credit.

U.S. Sentencing Guidelines Manual § 5G1.3(b) is a provision to be considered at the time of sentencing by the sentencing court. Respondent correctly argues that such a claim is not proper in a habeas petition pursuant to 28 U.S.C. § 2241. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988)

1   (A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or
2   sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C.
3   § 2255).
4         Therefore, Petitioner is not entitled to credit against his federal sentence for the time he spent
5   in federal detention pursuant to the writ of habeas corpus ad prosequendum, and his claim must be
6   rejected.
7         <u>B. Ground Two</u>
8         Petitioner also claims that his federal sentence was to run concurrently with his state
9   sentence, not consecutively.
10        As previously noted, on May 22, 2000, Petitioner was sentenced by the U.S. District Court
11  for the Northern District of California to a term of 50 months in federal prison. However, the order
12  was silent as to whether the sentence was run concurrently or consecutively.  Petitioner remained in
13  state custody until March 18, 2002, when he was paroled from the state custody and received by the
14  U.S. Marshal. It is this time period that Petitioner contends should be credited.
15        18 U.S.C. § 3584 states that "[m]ultiple terms of imprisonment imposed at different times
16  run consecutively unless the court orders that the terms are to run concurrently." However, as
17  Respondent notes, the presumption applies only if the federal sentencing court was aware of a
18  sentence previously imposed but not yet discharged. <u>See</u> <u>United States v. Clayton</u>, 927 F.2d 491 (9th
19  Cir.1991); <u>United States v. Wills</u>, 881 F.2d 823, 826 & n. 2 (9th Cir.1989). Here, Petitioner was
20  serving a state sentence when his federal sentence was pronounced. In addition, the sentencing
21  recommendation provided by the U.S. Probation Office recommended that Petitioner's term "run
22  consecutive to any other sentence." <u>See</u> Exhibit C, Supplemental Response.
23        Accordingly, under 18 U.S.C. § 3584, Petitioner's federal sentence is presumed to run
24  consecutively to his state sentence. Thus, Petitioner's federal sentence did not commence until he
25  was taken into custody by the U.S. Marshal. The claim must be rejected.
26        <u>C. Other Claims</u>
27        In his traverse, Petitioner raises a new claim. Specifically, Petitioner contends the BOP's
28  refusal to grant Petitioner credit against his federal sentence violates his right of protection from

1  double jeopardy in violation of the Fifth Amendment to the Constitution. The claim will not be

2  addressed because "[a] Traverse is not the proper pleading to raise additional grounds for relief."

3  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's request for judicial notice of exhibits is GRANTED;

2) The petition for writ of habeas corpus is DENIED with prejudice; and

3) The Clerk of Court is DIRECTED to enter judgment for Respondent and terminate the instant action.

IT IS SO ORDERED.

**Dated:   July 13, 2005**           /s/ **Sandra M. Snyder**
icido3                                  UNITED STATES MAGISTRATE JUDGE